IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADY HICKS, JR., | § | |
| TDCJ-CID NO.1254510, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-08-2486 |
| | § | |
| CHRISTOPHER PAGE, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff, state inmate Brady Hicks, Jr., filed a *pro se* complaint and an amended complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Docket Entries No.1, No.16). Defendant Christopher Page has filed a motion for summary judgment (Docket Entry No.19), to which plaintiff has filed a response. (Docket Entry No.22). For the reasons to follow, the Court will grant defendant's motion for summary judgment and dismiss all claims against all defendants.

I. BACKGROUND

Plaintiff alleges the following facts, which he claims gave rise to the pending complaint:

> On Thursday July 24, 2008 at approximately 5:58 a.m. food service officer Mrs. Wood escorted me . . . out of the chow hall to the hallway in front of the searches desk at which time she was yelling at me in front of C/O V Christopher Page & then . . . Page grabed [sic] me by my shoulders with excessive use of force for no reason whatsoever and pushed me hard into the corner were [sic] I hit my left shoulder against the bars & hit my right shoulder hard inflicting pain thrue [sic] my shoulder & neck and he keept [sic] doing this and shacking [sic] me back and forth & then he got up close to my ear and said he would kick my ass and lock me up. I asked C/O Page to stop assaulting me and to let go of my shoulder for he was hurting me and at that request C/O Page squeezed even harder on my shoulder & started shacking [sic] me back & forth, and when he did this I

1

looked around and saw Sgt. John R. Delapp Jr. and I asked him if he was going to stop this officer from assaulting me and he just looked off. Then I saw Sgt. Beverly A. Smith seting [sic] behind the searches desk looking and smiling. I then asked C/O Page once again to stop assaulting me, and food service officer Mrs. Wood stood their [sic] watching C/O Page assaulting [sic] me & smiling at first, when C/O Page kept [sic] assualting [sic] me[.] I stated to him I was going to file assault charges on him[;] then food service officer Mrs. Wood stoped [sic] smiling & C/O Page then stoped [sic] assaulting me and ordered me into the chainroom, were [sic] a lot of other inmates seat [sic] watching the hole [sic] thing. As I went to the chainroom I asked C/O Tommy D. Crow if he was going to admit to seeing C/O Page assaulting me and C/O Crow just looked off. Then when I got into the chainroom Inmate Ben Johnson . . . and Inmate Kenney Jones . . . both stated they saw the assault on me that they would be witnesses for they felt that if C/O Page would assault me like that then he would assault them as well if he felt like it and that C/O Page had no right for assaulting me. . . .

Then around 6:15 a.m., C/O Page came to the chainroom and told me to step outside & to the right of the chainroom towards the searches desk at which time Sgt. B.A. Smith walked-up to listen and C/O Page started threating [sic] me once again[.] I informed him again that he had no right to assault me & that I was going to file assault charges on him, and he then stated . . . [,] How many years do you have left to do here on this unit? I then said[,] What's that got to do with anything? Are you threatening me? He . . . said[,] You damb [sic] right every day as long as I'm here and that I have no witnesses[.] I then looked at Sgt. Smith and she was noding [sic] her head up & down as if in agreement with C/O Page.

*   *   *   *   *

Then C/O Greggs working the searches desk about 6:25 a.m. told me to leave the chainroom after giving me my I.D. and told me [not] to speak to the major or warden about it or they would put in the field squade [sic] & I told her . . . I have medical restrictions that prevent me from being put in the field squade [sic] and C/O Greggs said that can be changed. Then C/O Glass at the searches desk as well told me to get somewhere.

So I waited until I was allowed to go to the law library at 8:12 a.m. & reported the assault to the law librarian . . . & showed her my shoulder injury & requested to speak to C/O IV Frankie H. Womack whom got me to medical for an injury report to be made & for me to be seen by medical which I was seen by Nurse Freeman & medical provider [indecipherable]. . . whom just stated without looking me over to give me an ice pack &

> neither of them cared to here [sic] about my pains from the assault & excessive use of force by . . . Page.
>
> I did file a sworn "affidavit" . . . on a 50-4 form . . . and gave the form to Sgt. Lear whom said he would give it to Sgt. Holland in front of C/O Woodson whom was working in the infirmary & whom also did the incident report. . . .
>
> C/O IV Frankie H. Womack finally took pictures of my right should injury at about 1:00 p.m. . . . She has stated the pictures show redness [sic] spot on my right shoulder[.]

Docket Entry No.1, pages 3-7). Plaintiff attached a handwritten "affidavit," which he claims to be a duplicate of the 50-4 form that he submitted on July 24, 2008. (Docket Entry No.1-1, pages 1-2). He also attached the sworn statements of inmates Ben Johnson and Kenny Jones. (Docket Entry No.1-2, pages 1-2).

Plaintiff seeks declaratory relief and compensatory damages from defendants Christopher Page, Food Service Officer Krystal Woods, Sgt. John R. Delapp, Jr., Sgt. Beverly Smith, and C/O V Tommy D. Crow on grounds that they were party to Page's use of excessive force and denied him medical treatment for his injuries. (Docket Entry No.16, page 8). He also requests the Court to order that criminal charges be brought against defendants and that they be discharged from their duties as correctional officers.[1] (*Id*., pages 12-13).

Defendant Page[2] moves for summary judgment on grounds that he is entitled to Eleventh Amendment immunity and qualified immunity and that plaintiff has not sustained a physical injury that would entitle him to monetary damages. (Docket Entry No.19).

---

[1] This Court lacks the authority to subject a person to criminal prosecution. *See U.S. v. Jones*, 287 F.3d 325, 334 (5th Cir. 2002) (observing that the authority to determine whether a person is subject to prosecution for a criminal offense lies solely with state or federal prosecutors).

[2] The Court did not order defendants Wood, DeLapp, Smith, or Crow to be served with process; therefore, they are not parties to this motion.

## II. SUMMARY JUDGMENT

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The Civil Rights Act of 1866 creates a private right of action for redressing the violation of federal law by those acting under color of state law. 42 U.S.C. § 1983; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984). Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). A section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Thus for plaintiff to recover, he must

show that the defendants deprived him a right guaranteed by the Constitution or the laws of the United States. *See Daniels v. Williams*, 474 U.S. 327, 329-31 (1986).

## A. Eleventh Amendment Immunity

Defendant Page asserts Eleventh Amendment Immunity for monetary damages against him in his official capacity as a TDCJ-CID officer. (Docket Entry No.19). Suits for damages against the state are barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985). Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993). This bar remains in effect when state officials are sued for damages in their official capacity. *Cory v. White,* 457 U.S. 85, 89 (1982). To the extent plaintiff sues Page and all other defendants for monetary damages in their official capacities, as employees of TDCJ-CID, plaintiff's claims are barred by the Eleventh Amendment.

## B. Qualified Immunity

Defendant Page also asserts the affirmative defense of qualified immunity. (Docket Entry No.19). "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 199-200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). When a defendant invokes qualified immunity, the burden is on the plaintiff to

5

demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002). Even so, on summary judgment, the court must look to the evidence before it in the light most favorable to the plaintiff when conducting a qualified immunity inquiry. *Id.* at 323.

"To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). The Court has discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, – U.S. –, 129 S.Ct. 808, 818 (2009).

Defendant Page claims that plaintiff's alleged injuries were no more than *de minimis*; therefore, he cannot show that he sustained an actionable Eighth Amendment violation. (Docket Entry No.19). Defendant further alleges that his actions were objectively reasonable under the circumstances. (*Id.*).

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The central question that must be resolved in an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7. Thus, unlike a "conditions of confinement" claim for which an inmate only has to establish that a prison official acted with deliberate indifference, an excessive force claim requires a prisoner to establish that the defendant acted maliciously and sadistically. *Porter v. Nussle*, 534 U.S. 516, 528 (2002) (discussing *Hudson*). In determining

whether an Eighth Amendment excessive force claim has been established, courts are to consider: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the injury suffered. *Hudson*, 503 U.S. at 7. In applying the *Hudson* factors, courts must remember "that prison officials 'may have had to act quickly and decisively.'" *Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (citation omitted). Moreover, "[t]he amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed." *Id.* (citation omitted).

The Fifth Circuit noted that, in *Hudson*, the Supreme Court "placed primary emphasis on the degree of force employed in relation to the apparent need for it, as distinguished from the extent of the injury suffered." *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999) (citing *Hudson*, 503 U.S. at 7). The physical injury suffered as a result of the excessive force must be more than *de minimis*, but need not be significant, serious, or more than minor. *Id.* at 924. A *de minimis* use of force is not constitutionally recognizable as long as it is not "'repugnant to the conscience of mankind.'" *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (quoting *Hudson*, 503 U.S. at 10). In *Siglar*, the Fifth Circuit found *de minimis* plaintiff's injuries consisting of a sore, bruised ear that lasted three days and did not require medical care. *Id.; see also Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D. Tex. 1997) (holding that "[a] physical injury is ... [a] condition requiring treatment by a medical care professional"). However, in *Gomez*, the Fifth Circuit denied the defendants' motion for summary judgment because *Gomez* alleged that he had suffered cuts, scrapes and contusions to his head and face that required

medical attention, and the defendants' summary judgment motion was not supported by any affidavit or deposition testimony from medical personnel. 163 F.3d at 922, 925.

In this case, plaintiff claims that before Page used force against him, Officer Wood had escorted him out of the chow hall and was yelling at him. Officer Wood stated in her official statement with respect to the investigation of the allegations in plaintiff's grievance that she escorted plaintiff to the searchers desk because plaintiff "was creating a disturbance and catching an attitude" while she was trying to do a recount; she requested Officer Page's assistance because plaintiff was not following any of her orders. (Docket Entry No.19-3, page 10). Officer Page stated in his official statement that he ordered plaintiff out of the chow hall and to stand next to the [undecipherable], where Officer Wood talked with him. (*Id.*, page 9). Page then ordered plaintiff to the chain room and plaintiff complied. (*Id*.). Although plaintiff contends in his response to the motion for summary judgment that force was unnecessary because he was not aggressive toward the officers (Docket Entry No.22), the fact of his non-compliance with Officer Wood's orders posed a threat to the order and security of the prison as an institution.

Officer Page denied using any force against plaintiff. (Docket Entry No.19-3, page 9). Nevertheless, the record viewed in the light most favorable to plaintiff shows that Officer Page grabbed plaintiff's shoulder, pushed him against a wall, and secured him by applying pressure to plaintiff's neck and shoulder. Plaintiff suffered some redness to his upper torso, chest, shoulder blades and neck from the alleged assault; such injuries were treated with an ice pack and over-the-counter pain medication. (Docket Entry No.19-2, page 7). Plaintiff did not seek further treatment for such injuries. (*Id.*, page 3).

In evaluating excessive force claims, courts may look to the seriousness of the injury to determine "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occurred." *Whitley v. Albers*, 475 U.S. 312, 321 (1986) (citations omitted). The Fifth Circuit has found an injury insufficient to support an excessive force claim where there is no physical injury, *see e.g.*, *Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006) (citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)), or where it is extremely minor. *See Siglar*, 112 F.3d at 193-94 (bruised ear from twisting was *de minimis injury*). In this case, the *de minimis* nature of plaintiff's injuries does not evince that Officer Page acted with such wantonness as to violate the Eighth Amendment.

Plaintiff complains in his response that the record shows that he informed medical personnel about the alleged assault and that Officer Page did not provide the Court with a copy of his statement on the incident form that he completed on the day of the alleged assault or the photographs that were taken on the same day. (Docket Entry No.22, pages 9-12). Defendant's summary judgment proof reflects that TDCJ-CID has no record of a use of force report and no record of any incident reports with respect to this incident. (Docket Entries No. No.19-4, page 2; No.19-5, page 2; No.19-6, page 2). Plaintiff, however, does not claim that he suffered more than a *de minimis* injury from the alleged assault and his complaints of missing documents do not raise a fact issue with respect to the same.

To the extent that plaintiff complains that Officer Page did not report the incident; plaintiff fails to state the violation of a constitutional or federal right. "A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of

due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Based on this record, the Court finds that plaintiff has not shown the existence of a fact issue that would give rise to a claim that Officer Page violated the Eighth Amendment's prohibition against the excessive use of force. Therefore, the Court need not address the second prong of the qualified immunity analysis. Defendant Page is entitled to summary judgment on the affirmative defense of qualified immunity.

### III. 28 U.S.C. § 1915(e)(2)(B)

Plaintiff's amended complaint gives rise to allegations that defendants Krystal Wood, John R. Delapp, Jr., Beverly A. Smith, and Tommy Crow failed to follow TDCJ-CID directives and rules, failed to intervene in the alleged use of force, and failed to provide him with medical care. (Docket Entry No.16).

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the Prison Litigation Reform Act requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e), and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 570. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

A. Bystander Liability

A prison guard has a duty to intervene and attempt to end an assault on an inmate. *Buckner v. Hollins,* 983 F.2d 119, 122 (8th Cir. 1993); *see also Hale v. Townley,* 45 F.3d 914, 919 (5th Cir. 1995) (citing *Smith v. Dooley,* 591 F.Supp. 1157, 1169 (W. D. La. 1984), *aff'd*, 778 F.2d 788 (5th Cir.1985)). The requisite mental state in situations where prison officials do not respond with the physical use of force is that of deliberate indifference. *MacKay v. Farnsworth,* 48 F.3d 491, 493 (10th Cir. 1995). An officer may be liable under section 1983, under a theory of bystander liability, if he (1) knows that a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent harm, and (3) chooses not to act. *Randall v. Prince George's Cty., Md.,* 302 F.3d 188, 203-04 (4th Cir. 2002). The rationale underlying the bystander liability theory is that a bystanding officer, by choosing not to intervene, functionally participates in the unconstitutional act of his fellow officer. *Id.*, 302 F.3d at 204 n. 24.

In this case, the record does not show that Officer Page violated the Eighth Amendment by the alleged use of force; therefore, plaintiff's claims that defendants Wood, Delapp, Smith, and Crow failed to intervene in the alleged assault is subject to dismissal as legally frivolous and for failure to state a claim.

B. Medical Care

The Eighth Amendment's prohibition against cruel and unusual punishment also forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must prove objectively that he was exposed to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The plaintiff must also

show that prison officials acted or failed to act with deliberate indifference to that risk. *Id.* at 834. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. *Id.* at 837, 839; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). "[F]acts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.* Mere negligence does not constitute a section 1983 cause of action. *Estelle*, 429 U.S. at 106; *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ("the subjective intent to cause harm cannot be inferred from a ... failure to act reasonably").

Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle*, 429 U.S. at 104-05. Delay in obtaining medical treatment does not constitute deliberate indifference unless it is shown that the delay resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff states no facts that would give rise to a plausible claim that any defendant engaged in cruel and unusual punishment by denying or delaying adequate medical care. Plaintiff does not allege and the record does not show that he suffered a serious medical injury or that any defendant could infer or was aware that he might have suffered the same. Moreover, by his own account, plaintiff received medical care for the redness to his shoulders and neck. Accordingly, to the extent that he complains that defendants denied him adequate medical care or delayed the same, such complaints are subject to dismissal as legally frivolous.

### C. TDCJ Rules

To the extent that plaintiff contends that defendants violated any of the rules, procedures, or guidelines that he has enumerated in his amended complaint, plaintiff fails to state a cognizable section 1983 claim. The failure to follow institutional rules and regulations, standing alone, does not constitute a violation of plaintiff's constitutional rights. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Myers*, 97 F.3d at 94.

### IV. CONCLUSION

Based on the forgoing, the Court ORDERS the following:

1. Defendant Page's motion for summary judgment (Docket Entry No.19) is GRANTED. All claims against Officer Christopher Page are DENIED.

2. All claims against defendants Krystal Wood, John R. Delapp, Jr., Beverly A. Smith, and Tommy Crow are DISMISSED as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. All pending motions, if any, are DENIED.

4. This civil action is DISMISSED WITH PREJUDICE.

It is so ORDERED.

SIGNED at Houston, Texas, this 4th day of March, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE